


UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, *et al.*,
Plaintiffs,

v.

THERMAL MECHANICAL, INC.,

Defendant.

Civil Action No. 1:16-cv-01195 (JCC/IDD)

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Trustees of the Plumbers and Pipefitters National Pension Fund ("NPF") and the Trustees of the International Training Fund's ("ITF") (collectively, "Plaintiffs") Motion for Default Judgment against Thermal Mechanical, Inc., ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 11.) After a licensed attorney for Defendant failed to appear at the hearing on February 17, 2017, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment and the supporting memoranda and affidavits thereto, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendant.

## I. INTRODUCTION

On September 19, 2016, Plaintiffs filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and under Section 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c). (*See* Compl. ¶ 4.) These Acts allow parties to enforce provisions of

collective bargaining agreements. In their Complaint, Plaintiffs seek unpaid contributions, interest on unpaid contributions, late fees, liquidated damages, injunctive relief,[1] and attorney's fees and costs, pursuant to ERISA and the LMRA. (Compl. ¶¶ 14(A)–(D), 21(A)–(D), 25(A)–(B).)

**A. Jurisdiction and Venue**

For a court to render default judgment against a party, it must have subject matter and personal jurisdiction over the party and be the appropriate venue for the action. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under ERISA and the LMRA, which are federal laws. Furthermore, "[a suit] for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

For a court to exercise personal jurisdiction over a defendant in an ERISA action, the defendant must be served with process and have "sufficient aggregate contacts with the United States as a whole," pursuant to the Fifth Amendment. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1044 (E.D. Va. 1997) (holding that because ERISA provides for nationwide service of process, the Fifth Amendment "national contacts" theory, rather than Virginia's long-arm statute, applies). As discussed below, Defendant was properly served with process. Because Defendant is incorporated under Montana law and transacts business in Montana, (Compl. ¶ 3), Defendant has sufficient contacts with the

[1] In Count III of the Complaint, Plaintiffs seek an order enjoining the violation of the terms of the employee benefit plans and requiring Defendant to submit timely contributions and reports to the Plaintiff funds; however, Plaintiffs have not pursued their request for injunctive relief in their Motion for Default Judgment.

United States for this Court to exercise personal jurisdiction over it. *See McD Metals,* 964 F. Supp. at 1045. Therefore, this Court has personal jurisdiction over Defendant.

Finally, as to venue, an ERISA action may be brought in the "district where the plan is administered." 29 U.S.C. § 1132(e)(2). In this case, the Funds are administered in Alexandria, Virginia, which is within the Eastern District of Virginia. (*See* Compl. ¶ 1.) An LMRA action may be brought "in any district court of the United States having jurisdiction of the parties." *Id.* § 185(a). As discussed above, this Court has jurisdiction over the parties. Therefore, venue is appropriate in this Court.

**B. Service of Process**

Under 29 U.S.C. §§ 1132(e)(2) and 185(d), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve a defendant properly under federal or state law, a court lacks personal jurisdiction and may not enter default judgment against the defendant. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987), (stating "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946))), *superseded by statute on other grounds*, FED. R. CIV. P. 4(k); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249, 251 (4th Cir. 1974) (reversing the district court's decision to enter default judgment against a non-resident defendant because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the defendant with summons and complaint).

Although §§ 1132(e) and 185(d) state where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated

"in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h).

On October 29, 2016, a private process server served Ronald Schaeffer, Defendant's registered agent, with a true and correct copy of the Summons and Complaint. (Dkt. No. 5.) Therefore, Plaintiffs properly served Defendant pursuant to 29 U.S.C. §§ 1132(e)(2) and 185(d) and Rule 4(h).

### C. Grounds for Default

Plaintiffs filed their Complaint on September 19, 2016. (Dkt. No. 1.) Defendant has failed to appear, answer, or file any other responsive pleadings in this matter. On December 23, 2016, Plaintiffs filed a Request for Entry of Default with the Clerk. (Dkt. No. 8.) On December 28, 2016, the Clerk entered default against the Defendant. (Dkt. No. 9.) On January 27, 2017, Plaintiffs filed a Motion for Default Judgment, and the Court conducted a hearing on the matter on February 17, 2017. (Dkt. Nos. 11, 14.) After Defendant failed to appear at the February 17, 2017 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the

plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default has the effect of admitting the factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

## III. FACTUAL FINDINGS AND ANALYSIS

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint; the Motion for Default Judgment and memorandum in support thereof; the Affidavits of Toni C. Inscoe, Administrator of NPF, on behalf of the NPF ("Inscoe NPF Aff.") and the ITF

("Inscoe ITF Aff."); the Declaration of John R. Harney, Plaintiffs' counsel; and the documents submitted in proof of damages.[2]

Plaintiffs, the NPF and the ITF, are the trustees of multi-employer employee benefit plans[3] administered from offices located in Alexandria, Virginia. (Compl. ¶¶ 1–2.) Both the NPF and the ITF are maintained by a Restated Trust Agreement and by a Collective Bargaining Agreement between Local Union No. 41 and the Defendant. (*Id.*) Defendant is a Montana corporation which transacts business as a contractor or subcontractor in the plumbing and pipefitting industry. (*Id.* ¶ 3.) Defendant is an "employer in an industry affecting commerce," as defined by 29 U.S.C. § 1002(5), (9), (11), (12), and (14); 29 U.S.C. § 142(1) and (3); 29 U.S.C. § 152(2); and 29 U.S.C. § 1001(a). (*See id.*)

Defendant is a signatory to the Collective Bargaining Agreements with Local Union No. 41, establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by Defendant. (Compl. ¶ 5.) Defendant employed certain employees covered under the Collective Bargaining Agreements during the months of August 2012, September 2012, January 2013 through August 2013, and May 2014 through October 2014. (*See id.* ¶¶ 8, 9, 10, 21.) Pursuant to the Collective Bargaining Agreements, Defendant was required to pay to both the NPF and the ITF certain sums of money for each hour that Defendant's covered employees worked. (*Id.* ¶¶ 6–7.) Defendant has failed to make obligatory contributions to the NPF and the ITF for work performed at the Defendant's request during the months of August 2012, September 2012, January 2013 through August 2013, and May 2014

---

[2] Because Defendant failed to answer Plaintiffs' Complaint, Defendant admits Plaintiffs' factual allegations. "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." FED R. CIV. P. 8(b)(6); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts alleged state a claim.").

[3] Such plans are defined by ERISA, 29 U.S.C. § 1002(3), (37).

through October 2014. (*Id.* ¶¶ 9, 21.)

**A. Count I – National Pension Fund**

Pursuant to an audit of Defendant's records, Defendant failed to make contributions to the NPF on behalf of members in Local Union No. 41's jurisdiction during the months of August 2012, September 2012, January 2013 through August 2013, and May 2014 through October 2014, in the amount of $10,550.51. (Compl. ¶¶ 9–10.) Defendant also is liable for liquidated damages. Article VI, Section 5 of the NPF's Restated Trust Agreement and Declaration of Trust provides that an employer who fails to pay the amounts required by the Collective Bargaining Agreement shall be considered delinquent and may be assessed liquidated damages in the amount of 10% of the amount due. (*Id.* ¶ 13.) Pursuant to this provision, Defendant owes the NPF liquidated damages totaling $1,055.05.

In addition, the Restated Trust Agreement and the NPF's delinquency policies allow interest on any amounts owed to the NPF accruing at the rate of 12% per annum from the due date through the date of payment. (Inscoe NPF Aff. ¶ 10.) Therefore, Defendant owes the NPF interest on the delinquent contributions at a rate of 12% per annum, which amounts to $4,226.97 through February 17, 2017. (Inscoe NPF Aff. ¶ 11.)

**B. Count II – International Training Fund**

Defendant failed to make contributions to the ITF on behalf of members in Local Union No. 41's jurisdiction during the months of August 2012, September 2012, January 2013 through August 2013, and May 2014 through October 2014. (Compl. ¶ 16.) Pursuant to an audit, Defendant failed to make contributions in the amount of $316.83 for the months of August 2012, September 2012, January 2013 through August 2013, and May 2014 through October 2014. (Inscoe ITF Aff. ¶ 6.)

Defendant also is liable for liquidated damages. Article VI, Section 6 of the Restated Trust Agreement provides that if an employer fails to file a report or make contributions within ten calendar days of the due date, the Trustees are entitled to liquidated damages in the amount of 20% of the balance due. (Compl. ¶ 20.) Therefore, the Defendant owes the ITF liquidated damages in the amount of $63.37.

Article VI, Section 6 of the ITF's Restated Trust Agreement also authorizes interest to accrue at a rate of 12% per annum from the due date to the date of payment. (*Id.*) Therefore, Defendant owes the ITF interest on the delinquent contributions at a rate of 12% per annum, which amounts to $126.94 through February 17, 2017. (Inscoe ITF Aff. ¶ 11.)

Thus, pursuant to the Agreements and Section 502(g)(2) of ERISA, Plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) liquidated damages; and (3) interest on contributions which remain unpaid. The amounts due in unpaid monthly contributions, liquidated damages, and interest calculated through February 17, 2017, are summarized in the following chart.

| ***Plaintiff*** | ***Delinquent Contributions*** | ***Liquidated Damages*** | ***Interest (through 2/17/2017)*** | ***Total*** |
|---|---|---|---|---|
| NPF | $10,550.51 | $1,055.05 | $4,226.97 | $15,832.53 |
| ITF | $316.83 | $63.37 | $126.94 | $507.14 |

**C. Attorney's Fees and Costs**

Finally, the NPF seeks $2,925.00 in attorney's fees and $1,420.09 in costs. (Dkt. Nos. 12, 12-3.) When a plaintiff is awarded judgment to collect unpaid sums under ERISA, the plaintiff is entitled to collect reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D).

In support of its request, the NPF submitted the Declaration of John R. Harney and a report of attorney's fees and costs through January 30, 2017. (Dkt. No. 12-3.) Having reviewed the declaration and time sheet, the undersigned Magistrate Judge finds that the following costs and attorney's fees are reasonable.

| ***Attorney's Fees*** | ***Costs*** |
|---|---|
| $2,925.00 | $1,420.09 |

## IV. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of the Trustees of the Plumbers and Pipefitters National Pension Fund and the International Training Fund against Thermal Mechanical, Inc. Plaintiffs are entitled to damages in the total amount of $16,339.67 (including interest through February 17, 2017) and attorney's fees and costs in the amount of $4,345.09, for a total of $20,684.76.

The National Pension Fund is entitled to recover $10,550.51 in unpaid contributions for the months of August 2012, September 2012, January 2013 through August 2013, and May 2014 through October 2014; $1,055.05 in liquidated damages; and interest on the unpaid contributions ($4,226.97 through February 17, 2017), for a total damages award of $15,832.53. The National Pension Fund is also entitled to recover attorney's fees and costs in the amount of $4,345.09.

The International Training Fund is entitled to recover $316.83 in unpaid contributions for the months of August 2012, September 2012, January 2013 through August 2013, and May 2014 through October 2014; $63.37 in liquidated damages; and interest on the unpaid contributions ($126.94 through February 17, 2017), for a total of $507.14.

## V. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following addresses:

Ronald Schaeffer, Registered Agent
6481 Mitchell Rd.
Shingle Springs, CA 95682

/s/
Ivan D. Davis
United States Magistrate Judge

March 8, 2017
Alexandria, Virginia